## Frank Estate

*J. Harold Hughes*, for accountant.

VAN RODEN, P. J., March 15, 1949.—Decedent died June 12, 1948, having first made, published and declared his last will and testament in writing dated April 2, 1946, wherein and whereby he bequeathed a legacy of $300 unto his son, Andrew Frank, Jr., and devised and bequeathed the residue of his estate unto his wife, Catherine Frank. On May 31, 1946, less than two months after the date of the will, another child,

May Donato Frank, was born. Testator was survived by his widow and both children.

The question arises as to the effect of the subsequent birth of the child upon testator's will. This involves an interpretation of section 7(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.7. The new Wills Act is effective with respect to all wills of persons dying after January 1, 1948, and is, therefore, applicable to the instant case.

Under the previous law (Wills Act of June 7, 1917, P. L. 403, sec. 21, as amended May 20, 1921, P. L. 937, sec. 1), the subsequent birth of a child, not provided for in the will of testator, created a conclusive presumption that the parent died intestate with respect to such after-born child, and the child was entitled to such share of the estate as if the parent had actually died without any will. Thus, if decedent had died prior to January 1, 1948, his daughter would have been entitled to one third of the net distributive estate.

The new Wills Act, however, radically changes the former law and now provides that:

"If the testator fails to provide in his will for his child born or adopted after making his will unless it appears from the will that the failure was intentional, such child shall receive out of the testator's property not passing to a surviving spouse, such share as he would have received if the testator had died unmarried and intestate owning only that portion of his estate not passing to a surviving spouse." (Act of April 24, 1947, P. L. 89, sec. 7(4).)

It is important to note that the new act changes the previous law in that the failure to make provision for an after-born child does not ipso facto revoke or modify the will, providing it appears from the will that the failure was intentional; whereas under the former law it was necessary to make affirmative provision for the child, even though nominal.

Since the will in the instant case was written less than two months before the birth of this child, it is difficult to believe that testator did not have the said child in contemplation at the time he wrote his will. It would appear likely, therefore, that his failure to provide for the child was intentional. However, such intention appears from collateral circumstance rather than from the will itself, and under the wording of the new act it must appear from the will that the failure to provide for the after-born child was intentional. Accordingly, the court holds that since nothing in the will indicates such intention, the after-born child is entitled to the benefits of the statutory modification of the will by reason of the circumstance of her birth after the making of the will.

The next question to be decided is the extent of such statutory modification. As to this point, also, the new act presents a drastic change. Instead of receiving an intestate share of the entire estate, the after-born child is now limited to a share of testator's property not passing to a surviving spouse. In the instant case, the only property not passing to the widow is the sum of $300 bequeathed to testator's son by a former marriage. Accordingly, the net effect of the statutory modification is to reduce his legacy to the sum of $150 and to provide for the after-born child to the extent of the remaining $150, thus leaving the widow's share of the estate undisturbed.

It is not likely that testator intended that his son receive less than the full amount of the legacy. It is more probable that he intended that his generous provision for the wife would enable her to adequately care for the after-born child. However, his failure to include in the will any indication of an intentional failure to provide for the after-born child renders the statutory provisions mandatory, and an award will be made accordingly.